UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LEXIEA UNDERWOOD,

      Plaintiff,

                          CASE NO.:

vs.

AMERICAN DISPOSAL
SERVICE OF GEORGIA, INC.,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LEXIEA UNDERWOOD, by and through the undersigned attorney, sues the Defendant, AMERICAN DISPOSAL SERVICE OF GEORGIA, INC., a Georgia Corporation, and alleges:

1.    Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2.    Plaintiff worked as a laborer for Defendant from approximately May 9, 2011 to April 2, 2013.

3.    Defendant, AMERICAN DISPOSAL SERVICE OF GEORGIA,

1

INC., is a Georgia Corporation that operates and conducts business in, among other locations, Cobb County, Georgia and is therefore, within the jurisdiction of this Court.

4.  This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

5.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

6.  During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

7.  During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

8.  Included in such goods, materials and supplies were garbage trucks, dump trucks, trash bins/collectors and other goods, materials and supplies which were transported in interstate commerce.

9.  Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

### FLSA Violations

10. At all times relevant to this action, Defendant failed to comply with the FLSA by failing to pay Plaintiff for all overtime hours worked.

11. During his employment with Defendant, Plaintiff routinely worked 60-70 hours per week on average.

12. However, even though Plaintiff routinely worked this many hours, Defendant only paid him overtime compensation for approximately 55-56 hours per week.

13. Plaintiff's supervisors told him that he would not be paid for hours above 55-56 even though he worked these hours.

14. As a result, Defendant has violated the FLSA by failing to pay Plaintiff for all overtime hours worked.

15. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION

16. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-15 above.

17. Plaintiff was entitled to be paid overtime compensation for each

hour worked in excess of forty (40) per work week.

18. Defendant classified Plaintiff as a non-exempt employee.

19. During his employment with Defendant, Plaintiff would work 60-70 hours per week, but would only be paid overtime compensation on up to 55-56 hours per week and would not receive any overtime compensation for hours above 55-56.

20. Defendant did not have a good faith basis for its decision to not pay Plaintiff for all hours worked.

21. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

22. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

23. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, LEXIEA UNDERWOOD, demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 10th day of December, 2013.

/s/ C. Ryan Morgan
_____
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
Attorneys for Plaintiff